## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| **Spinelogik, Inc.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**Globus Medical, Inc.,**<br><br>**Defendant.** | **Case No. 2:23-cv-529**<br><br>**JURY TRIAL DEMANDED** |

### ORIRGRINAL COMPLAINT FOR PATENT INFRINGEMENT

Spinelogik, Inc. ("Plaintiff") hereby files this Original Complaint for Patent Infringement against Globus Medical, Inc. ("Globus" or "Defendant"), and alleges, upon information and belief, as follows:

### THE PARTIES

1.      Spinelogik, Inc. is a corporation organized and existing under the laws of the State of Oregon with its principal place of business at 1203 Willamette Street, Suite 200, Eugene, Oregon 97401.

2.      Upon information and belief, Globus Medical, Inc. is a company organized and existing under the laws of the State of Delaware, and as shown below, with a place of business in this District in Tyler, Whitehouse, Bullard, McKinney and Plano, Texas. Upon information and belief, Defendant can be served with process upon its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street, Suite 620, Austin, TX 78701.

### JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this case under 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because Defendant conducts business in and has committed acts of patent infringement in this District and the State of Texas and has established minimum contacts with this forum state such that the exercise of jurisdiction over Defendant would not offend the traditional notions of fair play and substantial justice.

5.    Defendant is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Defendant's substantial business in the State of Texas and this District, including through its past and ongoing infringing activities, because Defendant regularly does and solicits business herein, and/or because Defendant has engaged in persistent conduct and/or has derived substantial revenues from goods and services provided in the State of Texas and this District.

6.    Defendant transacts substantial business with entities and individuals in the State of Texas and this District, by among other things, willfully using the infringing methods and systems throughout the State of Texas and this District. Defendant relies on the infringing methods and systems to introduce and sell millions of products into the stream of commerce with the knowledge and expectation that they will be sold in the State of Texas and this District.

7.    Defendant maintains regular, physical, continuous, and established places of businesses, including places of business for team leaders of sales, sales operation managers and system network architects, in this District, which Defendant has established, ratified, and controlled; have employed people to conduct their business from this District; and from which they have willfully infringed the Asserted Patents in order to benefit themselves in this District. Defendant commits acts of infringement in this District, including as explained further below by making and using the infringing systems in, and performing at least one step of the accused methods of the Asserted Patents, at their regular and established places of business in this District.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    2

8.      Upon information and belief, Defendant has authorized sales/customer service agents in the Eastern District of Texas, including Kent Miller in Whitehouse, TX, as shown below (collectively "Customer Agents"). Defendant has a regular and established place of business in this District through the Customer Agents acting as agents. Defendant manifests assent to the Customer Agents that they shall act on Defendant's behalf and subject to its control, and the Customer Agents manifest assent or otherwise consent to act. Defendant maintains "interim control" over the Customer Agents' work, in which they rely on interactions and Defendant's instructions within the scope of their work.



*See* https://www.linkedin.com/in/kent-miller-a4a61536/ (screenshot of Kent Miller's LinkedIn page, as "Associate Spine Specialist" of Defendant in Whitehouse, TX).

9.      Upon information and belief, the contracts between Defendant and the Customer Agents establish (1) Defendant has the right to direct and control the Customer Agents, (2) Defendant has manifested consent that Customer Agents act on its behalf, and (3) the Customer Agents

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                    3

have consented to act on behalf of Defendant. The Customer Agents sell, monitor, train, oversee use, and handle complaints and returns, instruments and implants obtained from and on behalf of Defendant for customers in this District. Those activities involve storage, transport, training, monitor and exchange of goods and services and are part of Defendant's business.

10.     Upon information and belief, Defendant has established and ratified the Customer Agents' places of business because the contracts affect how they perform hospital set ups, approval of procedures to be performed at hospitals with Defendant products, sales, training, handling complaints, returns. Defendant also provides the Customer Agents with all information required to properly get products approved at hospitals.

11.     The Customer Agents in this district have fixed geographical locations. They are "regular" and "established" because they operate in a "steady, uniform, orderly, and methodical manner" and are sufficiently permanent. These locations are "of the defendant" because Defendant has contractual rights with them—authorized distributors in the United States.

12.     Defendant ratifies the Customer Agents' locations because it exercises interim control over the Customer Agents' activities and holds out to the public that Defendant's distribution, warehousing, marketing and sales of the products are being performed at and by Customer Agents' locations in this District.

13.     Defendant also has regular, physical presences of Defendant employees in this District conducting Defendant's business. Defendant maintains a regular and established place of business at the Defendant defined places and separate areas at the Customer Agents' locations by the regular, physical presence of its employees.

14.     As shown below, Defendant has employees in the Eastern District of Texas:



*See* https://www.linkedin.com/in/brendan-miller-21b57b73/ (screenshot of Brendan Miller's LinkedIn page, as "Spine Territory Manager" of Defendant in Bullard, TX).



*See* https://www.linkedin.com/in/nick-norton-70a68722b/ (screenshot of Nick Norton's LinkedIn page, as "Associate Spine Specialist" of Defendant in Tyler, TX).



*See* https://www.linkedin.com/in/colt-david-b03a7277/ (screenshot of Colt David's LinkedIn page, as "Surgical Sales" of Defendant in McKinney, TX).



*See* https://www.linkedin.com/in/colby-dalrymple-2a188592/ (screenshot of Colby Dalrymple's LinkedIn page, as "Associate Spine Specialist" of Defendant in Plano, TX).

15.     As shown above, these employees are located in this District in Tyler, Whitehouse, Bullard, McKinney and Plano, Texas. Their locations within the Eastern District of Texas are important to the business performed and defendant had intention to maintain some place of business in the Eastern District of Texas in the event any employees decided to terminate their residences as a place there.

16.     Defendant's employees also not merely possess inventory. Their use in the Eastern District of Texas part of Defendant's services to its Eastern District of Texas customers, a job that falls on

these employees. When sample products or inventory arrive at these employees' places of businesses, they then visit local customers to deliver or show the samples.

17.     Defendant has further solicited salespeople in public advertisements to cover the challenged venue area and preferred that those employees live in their assigned sales area. Their locations within the Eastern District of Texas are important to the business performed and defendant had intention to maintain some place of business in the Eastern District of Texas in the event any employees decided to terminate their residences as a place there.

18.     Defendant has regular, physical presences of Defendant employees in this District conducting Defendant's business. Defendant maintains a regular and established place of business at the Defendant defined places and separate areas by the regular, physical presence of its employees.

19.     Venue is proper in this District as to Defendant pursuant to at least 28 U.S.C. §§ 1391(c)(2) and 1400(b).  As noted above, Defendant maintains a regular and established business presence in this District. *See In re Monolithic Power Sys., Inc.,* 50 F.4th 157, 160 (Fed. Cir. 2022); *see also AGIS Software Dev. LLC v. Google LLC*, No. 2:19-CV-00361-JRG, 2022 WL 1511757, at *9 (E.D. Tex. May 12, 2022); *IOT INNOVATIONS LLC, Plaintiff, v. MONITRONICS INTERNATIONAL, INC., d/b/a BRINKS HOME*, Defendant., No. 2:22-CV-0432-JRG-RSP, 2023 WL 6318049, at *5 (E.D. Tex. Sept. 11, 2023), *report and recommendation adopted sub nom. Iot Innovations LLC v. Monitronics Int'l, Inc.*, No. 222CV00432JRGRSP, 2023 WL 6300560 (E.D. Tex. Sept. 27, 2023).

20.     Furthermore, venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b) because, among other things, Defendant is subject to personal jurisdiction in this Judicial District, regularly conducted business in this Judicial District, certain of the acts

complained of herein occurred in this Judicial District, and they are not residents in the United States and may be sued in any judicial district.

## BACKGROUND AND PATENTS-IN-SUIT

21.    Plaintiff is the sole and exclusive owner, by assignment, of U.S. Patent Nos. 8,460,385 ("the '385 Patent") and 9,730,805 ("the '805 Patent" and collectively the "Asserted Patents") relating to spinal implants and surgical procedures for spinal fusion and stabilization.

22.    By operation of law, the Asserted Patents originally issued and exclusively vested to the named inventor, Dr. Jeffrey Paris Wensel, as of the issue date of the '385 Patent.  *See* 35 U.S.C. § 261; *Schwendimann v. Arkwright Advanced Coating, Inc.,* 959 F.3d 1065, 1072 (Fed. Cir. 2020); *Suppes v. Katti,* 710 Fed. Appx. 883, 887 (Fed. Cir. 2017); *Taylor v. Taylor Made Plastics, Inc.,* 565 Fed. Appx. 888, 889 (Fed. Cir. 2014).  The inventors, in a written instrument, and filed with the United States Patent and Trademark Office, assigned all rights, title, and interest in the Asserted Patents to Spinelogik, Inc.

23.    The Asserted Patents valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

24.    The inventions described and claimed in the Asserted Patents were invented individually and independently by Dr. Jeffrey Paris Wensel.

25.    The Asserted Patents includes numerous claims defining distinct inventions. As represented in Figs. 1A, 16 and 26A of the Asserted Patents below, the inventions generally relate to spinal implants and surgical procedures for spinal fusion and stabilization.



Figure 1A

Figure 16



**Figure 26A**

26.     The priority date of the '385 Patent is at least as early as May 1, 2008.  As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

27.     The priority date of the '805 Patent is at least as early as March 17, 2008.  As of the priority date, the inventions as claimed were novel, non-obvious, unconventional, and non-routine.

28.     Back and neck pain are the leading causes of disability and lost productivity for American workers under the age of 45. Degenerative disc disease and its sequelae, whereby the fibrocartilaginous disc between adjacent vertebral bodies loses height, hydration and structural integrity, is one of the most common causes of back and neck pain and may develop secondary to traumatic injuries, inflammatory processes or various degenerative disorders. When conservative treatment fails, surgical fusion of the vertebral segments across the abnormal disc may be the only currently available procedure for pain relief. An increasing number of these

spinal fusions are performed each year. It is estimated that over half a million of these procedures were performed in the United States last year alone.

29.     Before the inventions of the Asserted Patents, approaches often failed due to inadequate structural integrity. Subsequently, cortical bone dowels and femoral ring allografts were employed in an attempt to restore disc space height and augment structural integrity. Other prior art devices incorporated or were coated with human bone morphogenetic protein or other agents to promote new bone formation and accelerate fusion. Despite these advancements, failure rates for spinal fusion surgeries remain unacceptably high, greater than 10 percent in most series.

30.     Therefore, there is a need in the art for an improved method to effect a more rapid, reliable fusion between unstable vertebral segments and avoid the considerable medical and economic impact of failed spinal fusions.

31.     The inventor of the Asserted Patents conceived new an apparatus that (1) delivers a fusion member between two vertebral bodies after at least a portion of the fibrocartilaginous disc between the vertebral bodies has been removed, and (2) affixes the fusion member to the vertebral bodies. In some embodiments, the apparatus includes (1) a fusion member that is delivered and positioned between the vertebral bodies, (2) a delivery mechanism that delivers and positions the fusion member between the vertebral bodies, and (3) an anchoring member that affixes the fusion member to the vertebral bodies.

32.     The Asserted Patents are pioneering and have been, respectively, cited as relevant prior art in 52 and 54 subsequent United States Patent Applications, including Applications Assigned to Defendant and such technology leaders and academia as Genesys Spine, Alphatec Spine, Inc., DePuy Synthes Products, Pinnacle Spine Group and In Queue Innovations.

33.     The claims of the Asserted Patents were all properly issued and are valid and enforceable for the respective terms of their statutory life through expiration and are enforceable for purposes of seeking damages for past infringement even post-expiration.  *See, e.g., Genetics Institute, LLC v. Novartis Vaccines and Diagnostics, Inc.,* 655 F.3d 1291, 1299 (Fed. Cir. 2011) ("[A]n expired patent is not viewed as having 'never existed.'  Much to the contrary, a patent does have value beyond its expiration date.  For example, an expired patent may form the basis of an action for past damages subject to the six-year limitation under 35 U.S.C. § 286") (internal citations omitted).

## DEFENDANT'S INFRINGING PRODUCTS

34.     Upon information and belief, Defendant makes, sells, advertises, offers for sale, uses, or otherwise provides endoscopic targeting methods and systems, including, but not limited to, the COALITION MIS spacer, the CORBEL spacer, the HEDRON IA ALIF spacer, and the INDEPENDENCE MIS spacer ("Accused Instrumentalities"), that utilize the Asserted Patents' patented spinal implants methods and systems. On information and belief, these spinal implants systems and methods include, and as shown exemplary in the HEDRON IA ALIF spacer (*see* https://www.globusmedical.com/products/hedron-ia/):









- a fusion member configured to position between first and second vertebral bodies, the fusion member comprising a first curved channel and a second curved channel;

- a first anchoring member configured to insert through the first curved channel and partially into the first vertebral body while a portion of the first anchoring member remains within the fusion member, in order to couple the fusion member with the first vertebral body;

- a second anchoring member configured to insert through the second curved channel and partially into the second vertebral body while a portion of the second anchoring member remains within the fusion member, in order to couple the fusion member with the second vertebral body; and

- wherein the first curved channel has a first cross-sectional plane along a first path that is traversed by the first curved channel through the fusion member and the second curved channel has a second cross-sectional plane along a second path that is traversed by the second curved channel through the fusion member, wherein the first and second cross-sectional planes are parallel to each other, as invented in the Asserted Patents.

- a delivery mechanism for delivering the fusion member between the two vertebral bodies, the delivery mechanism extending outside a patient's body to a medical practitioner while the delivery mechanism is coupled to the fusion member and the fusion member is positioned between the two vertebral bodies, the delivery mechanism having a second plurality of channels, wherein each channel of the first plurality of channels is configured to be aligned with a different channel of the second plurality of channels when the delivery mechanism delivers the fusion member between the two vertebral bodies.

35.   As shown above, Defendant's products include each and every limitation of at least, but not limited to, claim 1 of the Asserted Patents and therefore literally infringe these claims. Plaintiff

reserves the right to assert additional claims and to assert infringement under the doctrine of equivalents in light of information learned during discovery or in view of this Court's claim construction order.

**COUNT I**
**Infringement of U.S. Patent No. 8,460,385**

36.   Plaintiff incorporates the above paragraphs by reference.

37.   Defendant without authority, made, used, sold, offered to sell, and/or imported into the United States its Accused Instrumentalities as shown above.

38.   Defendant thus has infringed  at least claim 1 of the '385 Patent literally and/or under the doctrine of equivalents.

39.   Defendant has also actively induced  the infringement of at least one of claim 1 of the '385 Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding and abetting infringement of others through activities such as creating and/or distributing videos of use such as the videos above, brochures, manuals, instructional documents, and/or similar materials with instructions on creating, manufacturing, designing, assembling and/or implementing infringing products, with the specific intent to induce others to directly make, use, offer for sale, sell, and/or import into the United States products that fall within the scope of the '385 Patent, without license or authority from Plaintiff. On information and belief, Defendant knows that the induced acts constitute infringement of the '385 Patent.

40.   Defendant individually, collectively, or through others or intermediaries, has contributorily infringed in violation of 35 U.S.C. § 271(c), at least one claim of the '385 Patent by making, using, offering for sale, selling, and/or importing, material parts of the inventions claimed in the '385 Patent, which are not a staple article or commodity of commerce suitable for substantial

non-infringing use, and knowing the accused parts to be especially made or especially adapted for use in an infringement of the '385 claims.

41.    Defendant has been on actual notice of the '385 Patent at least as early as September 2011, as it was cited it in Defendant's own patent file histories, as shown below. Defendant's direct and indirect infringement of the '385 Patent has thus been committed with knowledge of the '385 Patent, making Defendant liable for direct, indirect, and willful infringement.

| | | | | |
|---|---|---|---|---|
| US9241806B2 | 2011-09-26 | 2016-01-26 | Globus Medical, Inc. | Flexible anchoring and fusion devices and methods of using the same |
| US9380932B1 | 2011-11-02 | 2016-07-05 | Pinnacle Spine Group, Llc | Retractor devices for minimally invasive access to the spine |
| US8979930B2 * | 2012-01-23 | 2015-03-17 | Paul A. Glazer | Orthopedic implants with flexible screws |
| US9750616B2 | 2012-02-17 | 2017-09-05 | Spinal Elements, Inc. | Interbody fusion device |
| US9271836B2 | 2012-03-06 | 2016-03-01 | DePuy Synthes Products, Inc. | Nubbed plate |
| US9693876B1 | 2012-03-30 | 2017-07-04 | Ali H. MESIWALA | Spinal fusion implant and related methods |
| US10182921B2 | 2012-11-09 | 2019-01-22 | DePuy Synthes Products, Inc. | Interbody device with opening to allow packing graft and other biologics |
| CN104812338B | 2012-11-16 | 2017-09-29 | 固秋创新有限责任公司 | Oblique expansion type fusion device apparatus and method |
| US10070970B2 | 2013-03-14 | 2018-09-11 | Pinnacle Spine Group, Llc | Interbody implants and graft delivery systems |
| EP2967901B1 | 2013-03-15 | 2020-05-06 | In Queue Innovations, LLC | Expandable fusion cage system |
| US10226353B2 * | 2013-10-07 | 2019-03-12 | Warsaw Orthopedic, Inc. | Spinal implant system and method |
| FR3016793B1 | 2014-01-30 | 2021-05-07 | Ldr Medical | ANCHORING DEVICE FOR SPINAL IMPLANT, SPINAL IMPLANT AND IMPLANTATION INSTRUMENTATION |
| US20150272650A1 * | 2014-04-01 | 2015-10-01 | Alphatec Spine, Inc. | Punch instrument |
| US9517144B2 * | 2014-04-24 | 2016-12-13 | Exactech, Inc. | Limited profile intervertebral implant with incorporated fastening mechanism |
| US20160058564A1 | 2014-09-03 | 2016-03-03 | Globus Medical Inc. | Intervertebral Implants and Related Methods of Use |

*See* https://patents.google.com/patent/US9730805B1/en?oq=9%2c730%2c805#citedBy (screenshot of Google Patent list of "Cited By" patents and applications for the '805 Patent).

42.    Plaintiff has been damaged because of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

43.    Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                    16

## COUNT 2
## Infringement of U.S. Patent No. 9,730,805

44.     Plaintiff incorporates the above paragraphs by reference.

45.     Defendant without authority, made, used, sold, offered to sell, and/or imported into the United
States its Accused Instrumentalities as shown above.

46.     Defendant thus has infringed at least claim 1 of the '385 Patent literally and/or under the doctrine
of equivalents.

47.     Defendant has also actively induced the infringement of at least one of claim 1 of the '805
Patent, in violation of 35 U.S.C. § 271(b), by, among other things, actively and knowingly aiding
and abetting infringement of others through activities such as creating and/or distributing videos
of use such as the videos above, brochures, manuals, instructional documents, and/or similar
materials with instructions on creating, manufacturing, designing, assembling and/or
implementing infringing products, with the specific intent to induce others to directly make, use,
offer for sale, sell, and/or import into the United States products that fall within the scope of the
'805 Patent, without license or authority from Plaintiff. On information and belief, Defendant
knows that the induced acts constitute infringement of the '805 Patent.

48.     Defendant individually, collectively, or through others or intermediaries, has contributorily
infringed, and/or is contributorily infringing, in violation of 35 U.S.C. § 271(c), at least one
claim of the '805 Patent by making, using, offering for sale, selling, and/or importing, material
parts of the inventions claimed in the '805 Patent, which are not a staple article or commodity of
commerce suitable for substantial non-infringing use, and knowing the accused parts to be
especially made or especially adapted for use in an infringement of the '805 claims.

49.     Defendant has been on actual notice of the '805 Patent at least as early as September 2011, as it
was cited it in Defendant's own patent file histories, as shown below. Defendant's direct and

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT                                                      17

indirect infringement of the '805 Patent has thus been committed with knowledge of the '805 Patent, making Defendant liable for direct, indirect, and willful infringement.

| US9241806B2 | 2011-09-26 | 2016-01-26 | Globus Medical, Inc. | Flexible anchoring and fusion devices and methods of using the same |
| US9380932B1 | 2011-11-02 | 2016-07-05 | Pinnacle Spine Group, Llc | Retractor devices for minimally invasive access to the spine |
| US8979930B2 * | 2012-01-23 | 2015-03-17 | Paul A. Glazer | Orthopedic implants with flexible screws |
| US9750616B2 | 2012-02-17 | 2017-09-05 | Spinal Elements, Inc. | Interbody fusion device |
| US9271836B2 | 2012-03-06 | 2016-03-01 | DePuy Synthes Products, Inc. | Nubbed plate |
| US9693876B1 | 2012-03-30 | 2017-07-04 | Ali H. MESIWALA | Spinal fusion implant and related methods |
| US10182921B2 | 2012-11-09 | 2019-01-22 | DePuy Synthes Products, Inc. | Interbody device with opening to allow packing graft and other biologics |
| CN104812338B | 2012-11-16 | 2017-09-29 | 茵秋创新有限责任公司 | Oblique expansion type fusion device apparatus and method |
| US10070970B2 | 2013-03-14 | 2018-09-11 | Pinnacle Spine Group, Llc | Interbody implants and graft delivery systems |
| EP2967901B1 | 2013-03-15 | 2020-05-06 | In Queue Innovations, LLC | Expandable fusion cage system |
| US10226353B2 * | 2013-10-07 | 2019-03-12 | Warsaw Orthopedic, Inc. | Spinal implant system and method |
| FR3016793B1 | 2014-01-30 | 2021-05-07 | Ldr Medical | ANCHORING DEVICE FOR SPINAL IMPLANT, SPINAL IMPLANT AND IMPLANTATION INSTRUMENTATION |
| US20150272650A1 * | 2014-04-01 | 2015-10-01 | Alphatec Spine, Inc. | Punch instrument |
| US9517144B2 * | 2014-04-24 | 2016-12-13 | Exactech, Inc. | Limited profile intervertebral implant with incorporated fastening mechanism |
| US2016058564A1 | 2014-09-03 | 2016-03-03 | Globus Medical Inc. | Intervertebral Implants and Related Methods of Use |

*See* https://patents.google.com/patent/US9730805B1/en?oq=9%2c730%2c805#citedBy
(screenshot of Google Patent list of "Cited By" patents and applications for the '805 Patent).

50.     Plaintiff has been damaged because of the infringing conduct by Defendant alleged above. Thus, Defendant is liable to Plaintiff in an amount that adequately compensates it for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

51.     Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against Defendant as follows:

1.       Declaring that Defendant has infringed the Asserted Patents;

2.      Awarding Plaintiff its damages suffered because of Defendant's infringement of the Asserted Patents;

3.      Awarding Plaintiff its costs, reasonable attorneys' fees, expenses, and interest;

4.      An award to Plaintiff of enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for Defendant's willful infringement of the Asserted Patents; and

5.      Granting Plaintiff such further relief as the Court finds appropriate.

## JURY DEMAND

Plaintiff demands trial by jury, under Fed. R. Civ. P. 38.

Respectfully Submitted

*/s/ Christopher A. Honea*

M. Scott Fuller
   Texas Bar No. 24036607
   sfuller@ghiplaw.com
Randall Garteiser
   Texas Bar No. 24038912
   rgarteiser@ghiplaw.com
Christopher A. Honea
   Texas Bar No. 24059967
   chonea@ghiplaw.com

**GARTEISER HONEA, PLLC**
119 W. Ferguson Street
Tyler, Texas 75702
Telephone: (903) 705-7420

Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com
Neal Massand
Texas Bar No. 24039038
nmassand@nilawfirm.com

**NI, WANG & MASSAND, PLLC**
8140 Walnut Hill Ln., Ste. 615
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900

**ATTORNEYS FOR PLAINTIFF**

ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT